# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>    CRED INC., et al<br><br><br><br>                                    Debtor. | Bankruptcy Case No.: 20-12836 (JTD) |
| Lockton Companies, LLC; Lockton Companies, LLC-Pacific Series d/b/a Lockton Insurance Brokers, LLC<br><br><br><br>                                    Appellants,<br>      v.<br>Cred Inc. Liquidation Trust<br><br>                                    Appellee. | <br><br><br><br><br><br>C.A. No. 23-210 MN<br>Bankr. BAP No. 23-00008 |

## RECOMMENDATION

At Wilmington this **21st** day of **March, 2023**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review which included a joint submission from counsel to determine the appropriateness of mediation in this matter. This submission provided by counsel for the parties was not made part of the court record because it relates to mediation.

This appeal was filed on February 24, 2023. Appellees maintain that the

Bankruptcy Court did not abuse its discretion by entering an order granting the Motion of the Trustees Cred Inc. Liquidation Trust under Section 105 of the Bankruptcy Code for Clarification of the July 19, 2022 Bench Ruling Regarding the Trust's Authority to Acquire Certain Third-Party Claims in that the court found assignments of third-party claims in connection with preferential transfer settlements were permissible under and consistent with the Plan.

Appellants argue that the Bankruptcy Court erred by exceeding the bounds of the Plan and Trust Agreement which contradicted its own finding from the July 19 Hearing that it was unclear the Trust could acquire third-party claims without considering extrinsic evidence or permitting discovery.

To date, the parties have not engaged in mediation or any other ADR process and do not believe that their contrary positions on this Appeal can be resolved through any form of ADR.  As a result, both sides request that this Appeal be removed mandatory mediation and proceed through briefing in this Court.

| | |
|---|---|
| Appellants' Opening Brief | Due 30 days after entry of a Scheduling Order |
| Appellees' Response Brief | Due 30 days after the deadline for Appellants' Opening Brief |
| Appellants' Reply Brief | Due 30 days after the deadline for Appellees' Response Brief. |

In addition to the issues pertaining to mediation, the Parties request that this Court order this Appeal consolidated an appeal filed by Uphold HQ Inc., C.A. No. 23-211-MN ("Uphold Appeal")  Both actions raise common question which makes consolidation appropriate and would provide judicial economy and/or avoid potential

inconsistent outcomes.

      THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation in this Court to allow the parties to resolve all pending issues. Since this Recommendation is consistent with the parties' request, no objections are anticipated pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

      Local counsel are obligated to inform out-of-state counsel of this Order.

      /s/ Mary Pat Thynge
      Chief U.S. Magistrate Judge Mary Pat Thynge